UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACY HALSELL, | Case No. 1:23-cv-224 |
| Plaintiff, | Cole, J.<br>Bowman, M.J. |
| v. | |
| DELTA AIRLINES, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

**I.     Background**

To date, Plaintiff has instituted at least eleven proceedings in this Court, sometimes under the surname of "Halsell" and sometimes using the surname of "Jordan." *See*, *e.g.*, Case Nos. 1:21-cv-763-MRB-SKB, 1:22-cv-534-DRC-KLL, 1:22-cv-536-MRB-PBS, 1:22-cv-771-JPH-SKB, 1:23-cv-24-SJD-SKB, 1:23-cv-137-MRB-KLL, 1:23-cv-201-JPH-KLL, 1:23-cv-202-MRB-SKB, 1:23-cv-203-MRB-SKB, 1:23-cv-223-MRB-KLL, 1:23-cv-224-DRC-SKB. Presently before the undersigned is Plaintiff's motion for leave to proceed *in forma pauperis* in the above-captioned case.

**II.     Analysis**

On April 24, 2023, Judge Michael R. Barrett issued the following Order in Case No. 1:23-cv-137, based upon Plaintiff's history of filing numerous legally frivolous complaints:

> Plaintiff Terrell Darron Jordan a/k/a Tracy Halsell is declared a vexatious litigator and, as such, is **ENJOINED** and **PROHIBITED** from filing any additional complaints in the Southern District of Ohio that have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted. This declaration, however, does

> not prohibit Terrell Darron Jordan a/k/a Tracy Halsell from filing additional complaints **THAT ARE ACCOMPANIED BY PAYMENT OF THE FULL FILING FEE.**
>
> The Clerk of Court is specifically **DIRECTED** not to accept any such pleadings from Plaintiff absent compliance with the above restrictions and to dispose of such documents accordingly.

*Terrell Darron Jordan a/k/a Tracy Halsell v. Jada Pinkett-Smith*, Case No. 1:23-cv-137 (S.D. Ohio April 24, 2023) (Doc. 8).

The same day that Judge Barrett declared Plaintiff to be vexatious and instituted pre-filing restrictions, Plaintiff tendered the instant complaint against Defendant Delta Airlines seeking leave to proceed *in forma pauperis*, along with a second unrelated new complaint that he also sought to file *in forma pauperis*.[1] On April 25, 2023, pursuant to Judge Barrett's Order, the undersigned filed an Order directing the Clerk of Court to return Plaintiff's complaint to him.[2] The Order granted Plaintiff an extension of thirty days from the date of the Order either to pay the requisite filing fee or to "re-submit his complaint accompanied by a certification from an attorney in good standing in this Court or the jurisdiction in which he or she is admitted that plaintiff's complaint is non-frivolous." (Doc. 2). The Court's Order expressly warned: "If plaintiff fails to pay the filing fee or comply with the certification requirement within **thirty (30) days** this matter will be closed." (*Id.*)

Plaintiff has failed to comply with the terms of the Court's Order by either paying filing fee or filing the requisite certification, and the allotted time for doing so has now expired.

---

[1] The second case, against Defendant Robyn Rhianna Fent, was assigned to U.S. Magistrate Judge Karen Litkovitz for initial review. *See* Case No. 1:23-cv-223-MRB-KLL.
[2] Judge Litkovitz filed a virtually identical order in Case No. 1:23-cv-223-MRB-KLL.

2

### III. Conclusion and Recommendation

As stated, Plaintiff is a vexatious litigator who is required to comply with pre-filing restrictions before he can initiate any new lawsuit. Specifically, he must either pay the full filing fee or file a certification from an attorney in good standing that his complaint is non-frivolous. In the above-captioned case, Plaintiff has failed to comply with either requirement; therefore, his complaint cannot be filed. Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* should be **DENIED**;

2. This case should be **DISMISSED with prejudice** for failure to comply with the Court's Order and for failure to prosecute;

3. Based upon his vexatious history, the Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*.

    *s/Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TRACY HALSELL, | Case No. 1:23-cv-224 |
| Plaintiff, | Cole, J.<br>Bowman, M.J. |
| v. | |
| DELTA AIRLINES, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4