UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY D. HALSELL,

      Plaintiff,

      v.

DELTA AIRLINES,

      Defendant.

Case No. 1:23-cv-224
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This Court declared Tracy Halsell a vexatious litigant on April 24, 2023. *Jordan v. Pinkett-Smith*, No. 1:23-cv-137, 2023 WL 3060265, at *2 (S.D. Ohio Apr. 24, 2023) (Barrett, J.).[1] That means that Halsell cannot file a complaint in this District unless an attorney in good standing certifies that complaint as non-frivolous.[2] The same day Judge Barrett declared him a vexatious litigant in the previous suit, Halsell sought in forma pauperis status for this suit. Here, he wants to sue Delta Airlines for $300,000,000 because one of their planes apparently dropped briefly while in the air, scaring Halsell and making him "scream[] out a friends [sic] name." (*See* Doc. 1-1).

---

[1] In that lawsuit, Halsell listed his name in his IFP application as "Terrell Darron Jordan aka Tracy D. Halsell." So the docket there lists him by the last name of Jordan. But the same person filed the previous suit and this one.

[2] This requirement has one exception: Halsell can file complaints accompanied by the payment of the filing fee. *See Jordan*, 2023 WL 3060265, at *2. Here, he did not, so that exception does not apply.

As the Order in *Jordan* requires, the Magistrate Judge returned Halsell's (proposed) complaint to him and ordered him to submit the required certification or pay the filing fee. (Doc. 2). Halsell did neither. So the Magistrate Judge issued a Report & Recommendation (R&R, Doc. 3) recommending that the Court dismiss the case for failure to meet the above requirements.

The R&R also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at #18). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). No party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

No such error exists here. The Magistrate Judge complied with the requirements imposed on Halsell because of his status as a vexatious litigant, and Halsell did not submit the requisite certification or pay the filing fee. The Court thus **ADOPTS** the R&R (Doc. 3) in full, **DENIES** Halsell's Motion to Proceed In Forma Pauperis (Doc. 1), and **DISMISSES** this case **WITH PREJUDICE** for failure to comply with the Court's Order and for failure to prosecute. Further, the Court **CERTIFIES** that an appeal of this Order would not be taken in good faith, thereby

**DENYING** him leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

July 11, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**